# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL LIEBICK; SHARON CLARK, individually and as guardian ad litem for JANE DOE 1, JANE DOE 2, and JOHN DOE; and JASON FRANKLIN,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.; and COSTCO WHOLESALE CORP.,<br><br>Defendants. | No. 2:25-cv-01300-DJC-DMC<br><br><u>ORDER GRANTING MOTION TO DISMISS</u> |

Plaintiffs purchased an electric range manufactured by one Defendant and sold by the other Defendant. After purchasing the range, Plaintiffs' house tragically burned down. Months later, after Plaintiffs received notice of a voluntary recall regarding the electric range, they suspected the product caused the fire and filed suit for products liability, negligence, and breach of warranty. Because they brought action in state court, Plaintiffs completed a form complaint and attached just five sentences of factual allegations. Defendants removed to federal court on the basis of diversity jurisdiction, and they now jointly move to dismiss all claims, arguing that Plaintiffs fail to satisfy the federal pleading standard. The Court agrees and therefore GRANTS Defendants' Motion to Dismiss (ECF No. 10) with leave to amend.

## BACKGROUND

Neil Liebick, Jason Franklin, and Sharon Clark, individually and as guardian ad litem for Jane Doe 1, Jane Doe 2, and John Doe, (collectively, "Plaintiffs") purchased

1

an electric range that was manufactured by Samsung Electronics America, Inc. and sold by Costco Wholesale Corp. (collectively, "Defendants").  (Notice of Removal at 15, ECF No. 1.)  After Plaintiffs' house burned down in January 2024, Plaintiffs learned that their electric range was subject to a voluntary recall because the knobs could be activated through accidental contact.  (*Id*. at 16.)  Plaintiff filed a form complaint ("the Complaint"), bringing causes of action for strict liability, negligence, and breach of warranty.  (*Id*. at 15.)  The only factual allegations that Plaintiffs provided were:

> On January 8, 2024 Samsung Model No. NE58K9850WS/AA, while being used in a foreseeable manner as the primary range/stove in the kitchen of Plaintiffs' family home, located 15801 Horseless Carriage Drive, Redding, CA 96001, started a fire. The fire destroyed the house and its contents and resulted in bodily injury to all Plaintiffs other than Neil Liebick, who was away on a business trip. Plaintiff's [sic] purchased the product from Costco in or about 2023. After the fire, this model electric range was subject to a voluntary product recall by Samsung because the front-mounted knobs can be activated through accidental contact by people or pets. That defect caused this fire.

(*Id*. at 16.)  Plaintiffs originally filed suit in the Superior Court of California, County of Shasta.  (*Id*. at 1.)  Defendants then timely removed to federal court based on diversity jurisdiction.  (*Id*. at 2.)

Defendants now bring a joint motion to dismiss, arguing that the Complaint does not satisfy the pleading standards under Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6).  (Mot. at 1, ECF No. 10.)  Plaintiffs oppose, contending that they have satisfied these pleading standards.[1]  (Opp'n, ECF No. 14.)  Pursuant to Local Rule 230(g), this Motion is submitted without oral argument.

## LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The motion may be granted only if the complaint lacks a "cognizable legal theory or sufficient facts to support a cognizable

---

[1] Plaintiffs ask the Court to take judicial notice of litigation involving Defendant Samsung.  (Opp'n at 5.) Because the Court need not consider this litigation to reach its decision, the request is denied as moot.

2

legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). While the Court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party," *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995), the motion must be granted if the complaint's allegations do not "plausibly give rise to an entitlement to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of elements alone do not suffice. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**DISCUSSION**

**I.    Products Liability**

**A.    Stating a Claim**

A plaintiff may recover for a products liability claim under a theory of strict liability or negligence. *Trejo v. Johnson & Johnson*, 13 Cal. App. 5th 110, 125 (2017). To succeed under either theory, a plaintiff must prove: (1) that the product was defective; and (2) that the defect existed when the product left the hands of the manufacturer. *Daly v. General Motors Corp.*, 20 Cal.3d 725, 758 n.1 (1978). Additionally, a plaintiff must show "a substantial probability that the design defect, and not something else, caused the plaintiff's injury." *Stephen v. Ford Motor Co.*, 134 Cal. App. 4th 1363, 1373 (2005).

While Plaintiffs allege that Defendant Samsung issued a voluntary recall, they do not plead that their range in particular had any defect, or that a defect existed when it left Defendant Samsung. Even if Plaintiffs satisfied these elements, they fall

3

far short of plausibly stating that "the design defect, and not something else, caused" their injury. *See id*. Plaintiffs summarily allege the defect "caused" the fire, which is a legal conclusion that the Court is not bound to accept as true. *See* Notice of Removal at 16; *Iqbal*, 556 U.S. at 678. Similarly, Plaintiffs plead that the electric range "started a fire," but they provide no factual allegations supporting this conclusory allegation. (*See* Notice of Removal at 16.) The Complaint is devoid of any factual allegations showing that the electric range started the fire, much less that a fire was due to a defect. As Defendants point out, the Complaint "says nothing about how the fire began, whether the range was on, how it may have been activated, or how it was involved in the fire." (*See* Reply at 3, ECF No. 17.) Because Plaintiffs fail to adequately allege causation, this claim must be dismissed.

### B.   Theory of Liability

"Under California law, there are three ways to hold a manufacturer strictly liable for injuries caused by its product: (1) if the product is defectively manufactured; (2) if it is defectively designed; or (3) if it is distributed without sufficient warnings or instructions about its potential for harm." *Karlsson v. Ford Motor Co.*, 140 Cal. App. 4th 1202, 1208 (2006) (citation omitted). As Defendants point out, Plaintiffs do not identify under which theory they are proceeding. (*See* Mot. at 5.) Plaintiffs seem to rely on the voluntary recall to establish that there was a defect, but that allegation alone does not establish liability under any theory.[2]

First, a manufacturing defect theory requires that a "manufacturing or production defect is readily identifiable because a defective product is one that differs from the manufacturer's intended result or from other ostensibly identical units of the same product line." *Barker v. Lull Eng'g Co.*, 20 Cal. 3d 413, 429 (1978). Regarding the electric range, Plaintiffs do not plead that "a suitable design is in place,

---

[2] Defendants cite out-of-circuit caselaw to posit that a recall cannot constitute a defect. (*See* Mot. at 5–6.) Because Plaintiffs do not plead a theory of liability even when considering the recall, the Court does not reach this question.

4

but that the manufacturing process has in some way deviated from that design." *See In re Coordinated Latex Glove Litig.*, 99 Cal. App. 4th 594, 613 (2002). As such, they do not state a theory of manufacturing defect.

Second, there are two tests for establishing a design defect. The first is the consumer expectations test, which requires a plaintiff to show "that the product failed to perform as safely as an ordinary consumer would expect when using the product in an intended or reasonably foreseeable manner." *Karlsson*, 140 Cal. App. 4th at 1208. Plaintiffs do not satisfy this test, as they do not plead that the electric range failed to perform as safely as expected when used in an intended manner. The second test is the risk-benefit test, "where the trier of fact is asked to balance the risk of danger inherent in the challenged design versus the feasibility of a safer design, the gravity of the danger, and the adverse consequences to the product of a safer design." *Id*. Plaintiffs also fail to satisfy this test because they do not plead any factual allegations regarding the electric range's danger. Accordingly, they do not present a theory of design defect.

Finally, a failure to warn theory requires a showing that "a flawlessly designed or manufactured product becomes defective" because the manufacturer failed to warn of the product's "dangerous propensities." *Id*. Because Plaintiffs do not plead that Defendants failed to warn them of any danger, they do not state a theory of failure to warn.

Plaintiffs do not present any viable theory of strict liability, and thus this claim must also be dismissed on this independent basis. Accordingly, the Court grants Defendants' Motion as to the products liability claim.

## II. Negligence

To establish a claim for negligence, "a plaintiff must show that defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury." *Nally v. Grace Cmty. Church*, 47 Cal. 3d 278, 292 (1988) (citation omitted). To show proximate cause, a plaintiff must

5

1 demonstrate "the injury was one that should reasonably have been anticipated as a
2 natural and probable consequence and as an immediate, as distinguished from a
3 remote or improbable, result of the negligence." *Harrison v. Gamatero*, 52 Cal. App.
4 2d 178, 182 (1942).

5     Plaintiffs do not plead that Defendants had a duty use to care or that they
6 breached the duty.  Moreover, even if Plaintiffs pleaded those elements, they fall far
7 short of plausibly stating that any breach was the proximate cause of their injury.  As
8 explained above, Plaintiffs do not plead any factual allegations showing that
9 Defendants' conduct caused the fire.  *See supra* Discussion Part I.  They therefore fail
10 to plead that their injury was reasonably "anticipated as a natural and probable
11 consequence" of Defendants' negligence.  *See Harrison*, 52 Cal. App. 2d at 182.
12 Accordingly, the Court grants Defendants' Motion as to the negligence claim.

13 **III.   Breach of Warranty**

14     "To plead an action for breach of express warranty under California law, a
15 plaintiff must allege: (1) the exact terms of the warranty; (2) reasonable reliance
16 thereon; and (3) a breach of warranty which proximately caused plaintiff's injury."
17 *Baltazar v. Apple, Inc.*, Case No. CV-10-3231-JF, 2011 WL 588209, at *2 (N.D. Cal.
18 Feb. 10, 2011) (citing *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142
19 (Ct. App. 1986)).  The Court has already held that Plaintiffs do not show that
20 Defendants' conduct was the proximate cause of their injury.  *See supra* Discussion
21 Part II.  Accordingly, the Court grants Defendants' Motion as to the breach of warranty
22 claim.

23 **IV.   Leave to Amend**

24     A court granting a motion to dismiss a claim must then decide whether to grant
25 leave to amend.  Leave to amend should be "freely given" where there is no "undue
26 delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to
27 the opposing party by virtue of allowance of the amendment, [or] futility of [the]
28 amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Eminence Capital, LLC v.*

*Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the *Foman* factors as those to be considered when deciding whether to grant leave to amend). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007) (citation omitted).

Here, leave to amend is appropriate because Plaintiffs state that they can plead additional facts, and the Court finds that Plaintiffs could save a claim by amendment. (*See* Opp'n at 9.) Moreover, the Court notes that this action was filed in state court, which has more liberal pleading standards than federal court, to which this action was removed. Plaintiffs have not had the opportunity to amend their complaint since removal. Accordingly, the Court grants leave to amend as to all claims.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss (ECF No. 10) with leave to amend. The hearing scheduled for August 21, 2025, at 1:30 p.m. in Courtroom 7 before District Judge Daniel J. Calabretta is VACATED.

If Plaintiffs elect to file an Amended Complaint, they must do so within twenty-one (21) days of this Order. Defendants shall file their responses to the Amended Complaint within twenty-one (21) days thereafter.

IT IS SO ORDERED.

Dated:   **July 31, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE